STATE OF NORTH CAROLINA v. ERIC MacKINLEY LEDWELL

No. COA04-958

(Filed 5 July 2005)

**1. Drugs— felonious possession of a controlled substance— improper indictment**

The trial court lacked jurisdiction to convict defendant of felonious possession of a controlled substance because the indictment which alleged possession of methylenedioxyamphetamine failed to allege a substance listed in Schedule 1 of N.C.G.S. § 90-89.

## 2. Drugs— felonious conspiracy to traffic in cocaine—failure to instruct on lesser-included charges

The trial court did not err in a felonious conspiracy to traffic in cocaine case by failing to instruct on the lesser-included offenses of conspiracy to traffic in cocaine by possession of 200 to 400 grams of cocaine and conspiracy to feloniously possess cocaine, because: (1) despite defendant's contention, there is no conflicting evidence in the record as to the amount of cocaine defendant was to traffic; and (2) the fact that not all of the money that defendant was told to pay for the cocaine was on him at the time of his arrest and that the cocaine was packaged in smaller bags was not enough evidence to convince the trier of fact that defendant should be convicted of less grievous offenses.

## 3. Appeal and Error— preservation of issues—failure to argue

Defendant's failure to argue an assignment of error means that it is deemed abandoned pursuant to N.C. R. App. P. 28(b).

Appeal by Defendant from judgment entered 12 December 2003 by Judge Ronald E. Spivey in Superior Court, Guilford County. Heard in the Court of Appeals 6 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker, for the State.*

*M. Gordon Widenhouse, Jr., for the defendant-appellant.*

WYNN, Judge.

An indictment is fatally flawed where it "fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Wilson,* 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998) (quotation omitted). Here, Defendant Eric MacKinley Ledwell contends that the trial court lacked jurisdiction on the charge of felonious possession of a controlled substance because the indictment failed to allege a substance listed in Schedule I, North Carolina General Statutes section 90-89. N.C. Gen. Stat. § 90-89(3) (2003). We agree and hold that the indictment fails to allege felonious possession of a Schedule I controlled substance. But as to Defendant's issues on appeal regarding the remaining charge of felonious conspiracy to traffic in cocaine, we find no error.

The record reflects that on 15 October 2002, members of the Greensboro Police Department monitored the motel area near

Interstate 40 and High Point Road for narcotics trafficking. That day, Defendant was observed checking into a motel, exiting the motel while on a cellular telephone and looking up and down the street. Approximately ten minutes thereafter, a blue Ford Expedition entered the motel parking lot. The driver was driving very slowly and circling and was also on a cellular telephone. The driver of the Expedition then parked the vehicle, Defendant got into the passenger side, and the vehicle left the parking lot. The police stopped the Expedition, and Defendant was asked to step out of the vehicle and placed under arrest. A police detective searched the Expedition and found, in the front center console, a semi-automatic weapon, and in the back center console, $3000.00 in cash. When the police searched Defendant's person, they found $8690.00 in cash, postal scales, marijuana, and a tablet of "[m]ethylenedioxyamphetamine (MDA)[.]" When the driver of the Expedition, Timothy Walden, was searched, he was found to have $2472.00 and marijuana on his person.

Shortly after stopping the Expedition, the police stopped a black pick-up truck that had been following the Expedition. The driver of the pick-up truck, Eliazar Perez Garcia, appeared shocked, looked toward the Expedition, and stated "I don't know them." Garcia was asked to step out of the vehicle, and the police observed that Garcia's pocket contained a large, partially open grocery bag filled with cocaine. Garcia also had $4236.00 in cash on his person.

Defendant presented no evidence at trial. Moreover, Defendant entered into a stipulation at trial as to "a laboratory report reflecting the contents of the plastic bag described as off-white powder sent, and reflected in State's Exhibit No. 2, containing cocaine, Schedule II. The weight of that material, 592.2 grams." The trial court then explained to the jury "Members of the jury, the parties have stipulated or agreed that these facts should be accepted by you as true without further authentication or proof in the form of this laboratory report . . . ." Further, at trial, Garcia testified that Defendant "called me and he told me to bring him that amount [of cocaine]. And that's what I did." Garcia testified that Defendant had "three of four times[]" bought 500 grams of cocaine from him. In response to being asked "Did you get drugs for any other people other than Eric Ledwell[,]" Garcia responded "No." When asked "[w]ere all the drugs for Eric Ledwell[,]" Garcia responded affirmatively. Moreover, evidence admitted at trial demonstrated that Defendant and Garcia had telephoned one another's cellular telephones before their arrests.

STATE v. LEDWELL

[171 N.C. App. 328 (2005)]

Defendant was convicted of felonious possession of MDA and felonious conspiracy to traffic in cocaine by possession of more than 400 grams. Defendant appeals.

---

**[1]** On appeal, Defendant contends that the trial court lacked jurisdiction on the charge of felonious possession of a controlled substance because the indictment was facially insufficient in failing to allege a substance listed in Schedule I.[1] We agree.

"It is elementary that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted). An "indictment must allege all of the essential elements of the crime sought to be charged." *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (citation omitted). Identity of a controlled substance allegedly possessed is such an essential element. *State v. Board*, 296 N.C. 652, 658, 252 S.E.2d 803, 807 (1979) (testimony that substance a special agent purchased was "MDA" insufficient evidence that defendant possessed and sold "3, 4-methylenedioxyamphetamine" as charged in bills of indictment). An indictment is invalid where it "fails to state some essential and necessary element of the offense of which the defendant is found guilty." *Wilson*, 128 N.C. App. at 691, 497 S.E.2d at 419 (quotation omitted).

Here, the indictment at issue states that "on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did possess Methylenedioxyamphetamine (MDA), a controlled substance included in Schedule I of the North Carolina Controlled Substances Act."

Schedule I of the Controlled Substances Act, North Carolina General Statutes section 90-89, includes, *inter alia*, the following controlled substances:

---

1. The State argues that because Defendant did not previously raise the indictment issue, it is not preserved for appellate review. We disagree. "[W]hen an indictment is alleged to be facially invalid, thereby depriving the trial court of its jurisdiction, it may be challenged at any time, notwithstanding a defendant's failure to contest its validity in the trial court." *State v. Call*, 353 N.C. 400, 429, 545 S.E.2d 190, 208, *cert. denied*, 534 U.S. 1046, 151 L. Ed. 2d 548 (2001). Moreover, the State offers no support for its unconvincing argument that Defendant's stipulating to the laboratory analysis of the substance seized constituted a waiver of the indictment issue. *See Wilson*, 128 N.C. App. at 691, 497 S.E.2d at 419 (a defendant's waiver of indictment must be in writing and signed by the defendant and his attorney; tendering a guilty plea, tendering an unsigned waiver, and requesting a jury instruction do not constitute waiver).

(3) Any material, compound, mixture, or preparation which contains any quantity of the following hallucinogenic substances, including their salts, isomers, and salts of isomers, unless specifically excepted, or listed in another schedule, whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:

  a. 3, 4-methylenedioxyamphetamine.

  b. 5-methoxy-3,4-methylenedi-oxyamphetamine.

  c. 3,4-Methylenedioxymethamphet-amine (MDMA).

  d. 3,4-methylenedioxy-N-ethyl-amphetamine (also known as N-ethyl-alpha-methyl-3,4-(methylenedioxy)phenethylamine, N-ethyl MDA, MDE, and MDEA).

  e. N-hydroxy-3,4-methylenedioxy-amphetamine (also known as N-hydroxy-alpha-methyl-3,4-(methylenedioxy)phenethylamine, and N-hydroxy MDA).

N.C. Gen. Stat. § 90-89(3). In the case *sub judice*, the indictment alleged possession of "[m]ethylenedioxyamphetamine (MDA), a controlled substance included in Schedule I of the North Carolina Controlled Substances Act." No such substance, however, appears in Schedule I.[2]

In a similar case, *United States v. Huff*, 512 F.2d 66 (5th Cir. 1975), the defendant was charged with two crimes: distribution of "3,4 methylenedioxy amphetamine," a controlled substance pursuant to a statutory schedule of controlled substances, and possession of "methylenedioxy amphetamine," which was not listed on the statutory schedule of controlled substances. The Fifth Circuit stated that while "[t]he addition of the numbers '3,4' would have indeed saved this count, . . . we cannot regard this defect as a mere technicality, for the chemical and legal definition of these substances is itself technical and requires precision." *Id.* at 69. The Fifth Circuit held that the second count failed to charge an offense and reversed the defendant's conviction. In contrast, in *Rogers v. State*, 599 So. 2d 930 (Miss. 1992), the Supreme Court of Mississippi upheld an indictment that charged a defendant with distribution of "crystal methamphetamine." Notably,

---

2. *State v. Hosick*, 12 N.C. App. 74, 182 S.E.2d 596 (1971), indicated that "3, 4—Methylenedioxyamphetamine (MDA)" and "Methylenedioxyamphetamine" do not constitute the same substance. Moreover, in the case *sub judice*, an investigating detective testified at trial that the substance he believed Defendant possessed was "MDMA[.]"

however, the Mississippi controlled substance statute explicitly included as controlled substances " '[a]ny substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers[.]" *Id.* at 933 (emphasis omitted) (quotation omitted). North Carolina's Schedule I, in contrast, does not include any substance which contains any quantity of "methylenedioxyamphetamine (MDA)." N.C. Gen. Stat. § 90-89.

Here, as in *Huff,* the substance listed in Defendant's indictment does not appear in Schedule I of the North Carolina Controlled Substances Act. N.C. Gen. Stat. § 90-89. As a consequence, the indictment must fail, and Defendant's conviction of felonious possession of "[m]ethylenedioxyamphetamine (MDA)[]" is vacated.

**[2]** Defendant further argues that the trial court erred by failing to instruct the jury on the lesser-included offenses of conspiracy to traffic in cocaine by possession of 200 to 400 grams of cocaine and conspiracy to feloniously possess cocaine "where there was conflicting evidence as to the specific amount of cocaine[]" Defendant intended to possess. We disagree.

A defendant "is 'entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.' " *State v. Leazer,* 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000) (quoting *Keeble v. United States,* 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847 (1973)). However, " 'due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence.' " *Id.* (quoting *Hopper v. Evans,* 456 U.S. 605, 611, 72 L. Ed. 2d 367, 373 (1982)) (citation omitted). "The sole factor determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Peacock,* 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985) (quotation and citation omitted).

The crime of conspiracy is an agreement to commit a substantive criminal act, here trafficking by possession of cocaine. *State v. Griffin,* 112 N.C. App. 838, 840, 437 S.E.2d 390, 392 (1993) ("The essence of the crime of conspiracy is the agreement to commit a substantive crime." (citation omitted)). The crime is complete when

the agreement is made; no overt act in furtherance of the agreement is required. *State v. Rozier*, 69 N.C. App. 38, 49-50, 316 S.E.2d 893, 900-01 (1984).

Despite Defendant's contention, there is no conflicting evidence in the record as to the amount of cocaine Defendant entered into an agreement, *i.e.*, a conspiracy, to traffic. Garcia testified that Defendant "called me and he told me to bring him that amount [of cocaine]. And that's what I did." Garcia testified that Defendant had "three of four times[]" bought 500 grams of cocaine from him. When asked if all the drugs he had when arrested were for Defendant, Garcia responded affirmatively, and the State's laboratory report, to which Defendant stipulated, proved that the white powder found on Garcia was cocaine and that the weight of the cocaine was 592.2 grams. Defendant himself presented no evidence at trial. The fact that not all of the $11,500 Garcia was to be paid for the cocaine was on Defendant's person at the time of Defendant's arrest ($8690.00 was found on Defendant's person, $3000.00 was found in the back center console of the Expedition, and $2417.00 was found on Walden's person) and that the cocaine was packaged in three bags contained in one larger grocery bag could not "convince a rational trier of fact to convict the defendant of a less grievous offense." *Peacock*, 313 N.C. at 558, 330 S.E.2d at 193. The trial court therefore did not err in not giving jury instructions for conspiracy to traffic in cocaine by possession of 200 to 400 grams of cocaine and conspiracy to feloniously possess cocaine.

**[3]** Defendant failed to argue his second assignment of error. It is therefore deemed abandoned. N.C. R. App. 28(b).

No Error in part, Vacated in part.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.