STATE OF NORTH CAROLINA v. DAVID AHMADI-TURSHIZI

No. COA05-482

(Filed 7 February 2006)

**Drugs— indictment—3,4 methylenedioxymethamphetamine**

Defendant's convictions for offenses involving methylenedioxymethamphetamine (MDMA) were vacated where the indictment did not include "3,4," as it was listed in N.C.G.S. § 90-89. Schedule I does not include any substance which contains any quantity of "methylenedioxymethamphetamine."

Appeal by defendant from judgment entered 4 June 2004 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 10 January 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Kevin Anderson, for the State.*

*Brannon Strickland, PLLC, by Anthony M. Brannon, for defendant-appellant.*

JACKSON, Judge.

On 15 March 2002, while at a nightclub in Raleigh, North Carolina, David Ahmadi-Turshizi ("defendant") was approached by an undercover female police officer working for the Raleigh Police Department. Defendant knew the woman from having gone to high school

with her, but did not know that she had become a police officer. The two began talking, and shortly thereafter the officer asked defendant if he could help her to obtain some drugs. At first defendant was shocked that she was asking for drugs, but after repeated requests, defendant found an individual in the club who would sell the officer five pills of ecstasy, or methylenedioxymethamphetamine.

Defendant knew the undercover officer was asking for his help in obtaining illegal drugs, but he wanted to impress and help her. The individual selling the drugs gave the pills directly to defendant, and the officer left her money on the bar, which was retrieved by the individual selling the pills. The officer spoke with defendant for a short time after the sale, and then left the nightclub to meet with her commanding officers. Defendant and the officer continued to talk to each other and see each other for several weekends after the night of 15 March 2002; however defendant did not assist her with obtaining drugs on any of these subsequent meetings.

On 25 February 2003, defendant was indicted for: (1) felonious possession of methylenedioxymethamphetamine, with intent to sell and deliver; (2) felonious sale of methylenedioxymethamphetamine; and (3) felonious delivery of methylenedioxymethamphetamine. All of the charges stemmed from the events on the night of 15 March 2002 and the early morning hours of 16 March 2002. Following a trial by jury, defendant was found guilty on all charges on 3 June 2004. The trial court entered judgment on the verdict and sentenced defendant to a term of imprisonment for a minimum of eleven months and a maximum of fourteen months. The trial court suspended defendant's sentence and placed him on supervised probation for twenty-four months. Defendant appeals from his convictions.

Defendant contends the trial court lacked jurisdiction on all of his charges when the indictment failed to allege a substance listed in Schedule I of North Carolina General Statutes, section 90-89(3), and thus was facially insufficient. We agree.

In order for a trial court to have jurisdiction over a defendant, the " 'indictment must allege all of the essential elements of the crime sought to be charged.' " *State v. Ledwell*, 171 N.C. App. 328, 331, 614 S.E.2d 412, 414, *disc. review denied*, 360 N.C. 73, 622 S.E.2d 624 (2005) (quoting *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996)). When a defendant has been charged with possession of a controlled substance, the identity of the controlled substance that defendant allegedly possessed is considered to be an essential ele-

ment which must be alleged properly in the indictment. *Id.* An indictment is invalid when it " 'fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " *Id.* (quoting *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998)).

In the instant case, defendant was charged with three offenses: felony possession with intent to sell and deliver methylenedioxymethamphetamine; felony sale of methylenedioxymethamphetamine; and felony delivery of methylenedioxymethamphetamine. Defendant's indictment identified the controlled substance that he allegedly possessed, sold and delivered as "methylenedioxymethamphetamine a controlled substance which is included in Schedule I of the North Carolina Controlled Substances Act."

Schedule I of the North Carolina Controlled Substances Act, North Carolina General Statutes, section 90-89, identifies a long list of controlled substances by their specific chemical names. Included in this list is:

> (3) Any material, compound, mixture, or preparation which contains any quantity of the following hallucinogenic substances, including their salts, isomers, and salts of isomers, unless specifically excepted, or listed in another schedule, whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:
>
> . . . .
>
> c. 3, 4—Methylenedioxymethamphetamine (MDMA).

N.C. Gen. Stat. § 90-89(3)(c) (2004). For each of defendant's three charges, the indictment listed the alleged controlled substance only as "methylenedioxymethamphetamine," which is not a substance that appears in Schedule I.

In *State v. Ledwell*, a panel of this Court held that when an indictment fails to list a controlled substance by its chemical name as it appears in Schedule I of North Carolina General Statutes, section 90-89, the indictment must fail. 171 N.C. App. at 333, 614 S.E.2d at 415. In *Ledwell*, the defendant's indictment alleged felony possession of "methylenedioxyamphetamine (MDA)," but failed to include "3, 4" as required by Schedule I of our Controlled Substances Act. *Id.* This Court recognized that the Schedule I controlled substances list did not "include any substance which contains any quantity of 'methyl-

enedioxyamphetamine (MDA)' ", and as such, the defendant's indictment was fatally flawed and his conviction was vacated. *Id.*

In the instant case, although the controlled substance which defendant is alleged to have possessed, sold, and delivered, is not the same substance as in *Ledwell*, we hold that *Ledwell* is controlling. Defendant's indictment listed the controlled substance he allegedly possessed, sold, and delivered to be "methylenedioxymethamphetamine" but failed to include "3, 4" as required. Schedule I does not include any substance which contains any quantity of "methylenedioxymethamphetamine." As the substance listed in defendant's indictment does not appear in Schedule I of our Controlled Substances Act, the indictment is fatally flawed and each of defendant's convictions for felonious possession of methylenedioxymethamphetamine, with the intent to sell and deliver, sale of methylenedioxymethamphetamine, and delivery of methylenedioxymethamphetamine, must be vacated. *See, Ledwell*, 171 N.C. App. at 331, 614 S.E.2d at 415.

As defendant's convictions have been vacated, we decline to address defendant's additional assignments of error.

Vacated.

Judges WYNN and HUNTER concur.