**STATE v. DAVIS**

[188 N.C. App. 735 (2008)]

STATE OF NORTH CAROLINA v. TEMETRIA SHATORIE DAVIS, Defendant

No. COA06-1707

(Filed 19 February 2008)

**1. Drugs— conspiracy to traffic cocaine—instructions—omission of "by possession"—unanimity of verdict**

The trial court's instruction in a prosecution for conspiracy to traffic in cocaine by possession that referred only to conspiracy to traffic in cocaine without specifying "by possession" did not create a risk of a nonunanimous verdict because it did not constitute a disjunctive instruction, and any danger of a nonunanimous verdict was removed when defense counsel's closing argument repeatedly identified the charge against defendant as conspiracy to traffic by possession, defendant's conspiracy instruction was linked to the preceding conspiracy instruction relating to a codefendant which specified that the conspiracy involved an agreement to traffic in cocaine by possession, and the verdict form required the jury to decide whether defendant was guilty of conspiracy to traffic in cocaine by possession of more than 28 grams but less than 200 grams of cocaine.

**2. Drugs— trafficking—instruction on lesser offense—not required**

The trial court did not err by not giving an instruction on a lesser offense in a prosecution for conspiracy to traffic in cocaine. Although defendant argued that she was entrapped into the greater offense, sentencing entrapment was not raised at trial and was not properly before the appellate court, and the evidence supported an instruction only on the greater offense.

Appeal by defendant from judgment entered 17 May 2006 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 29 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa C. Glover, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders Kristen L. Todd and Benjamin Dowling-Sendor, for defendant-appellant.*

**STATE v. DAVIS**

[188 N.C. App. 735 (2008)]

GEER, Judge.

Defendant Temetria Shatorie Davis appeals from her conviction of conspiracy to traffic in cocaine by possession. Defendant contends first that she was deprived of a unanimous jury verdict when the trial court instructed the jury on conspiracy to commit trafficking in cocaine without specifying that the trafficking occurred through possession. Because the trial court did not give any disjunctive instruction as to defendant and, in any event, the unanimity cases relied upon by defendant do not apply to a charge of conspiracy to traffic in cocaine, we hold that the trial court's instruction did not create a risk of a non-unanimous verdict.

Defendant also argues that the sentencing entrapment defense, *see State v. Foster*, 162 N.C. App. 665, 671-72, 592 S.E.2d 259, 264, *aff'd by equally divided court*, 359 N.C. 179, 604 S.E.2d 913 (2004), entitled her to an instruction on the lesser included offense of conspiracy to commit possession of cocaine. Defendant, however, neither requested an instruction on the sentencing entrapment defense at trial nor assigned error on appeal to the court's failure to give such an instruction. Thus, the issue of sentencing entrapment is not before us. Since the evidence at trial supported only an instruction on conspiracy to traffic in cocaine, we hold that the trial court properly refused defendant's request for an instruction on conspiracy to commit possession of cocaine.

## Facts

In June 2005, Jeffrey Gamble was living with defendant's sister. While defendant was visiting Gamble and her sister on 23 June 2005, Gamble received several phone calls from Noy Sykeo. Gamble had known Sykeo for six or seven years, and Sykeo had been one of Gamble's drug suppliers. Sykeo asked Gamble, who owed Sykeo $500.00, if he could help Sykeo obtain two ounces of cocaine. Gamble in turn asked defendant if she knew someone who would have two ounces of cocaine. Defendant agreed to help and called Saint Griffin who was willing to supply the cocaine.

Gamble was unaware that Sykeo had agreed to work with the police as a confidential informant because of pending felony charges. As part of this work, Detective Marshburn of the Raleigh Police Department had asked Sykeo to purchase a "trafficking amount" of cocaine, which equaled at least one ounce.

Gamble called Sykeo back, told Sykeo that he had located the cocaine, and asked Sykeo to pick up Gamble and defendant. Gamble, Sykeo, and defendant were supposed to meet Griffin and his partner, Maurice Teasley, in a Wendy's parking lot. On the way, at approximately 1:00 a.m., they met Detective Marshburn, who was working undercover, in a Papa Lou's restaurant parking lot. Defendant told Marshburn that they were going to meet the person with the cocaine at the Wendy's parking lot.

Detective Marshburn, driving a separate car, followed Sykeo, Gamble, and defendant to a Hardee's parking lot. Defendant told Marshburn that the drug supplier was in the Wendy's parking lot across the street, and the supplier wanted defendant to bring him the money. Marshburn refused to give them the money for the drugs until either he or Sykeo had seen the cocaine. Gamble got in the car with Detective Marshburn while Sykeo and defendant drove across the street to the Wendy's parking lot.

After a few minutes, Sykeo returned to the Hardee's parking lot without defendant. He reported that he had seen some cocaine, but it did not look like the full amount he had requested. Marshburn called off the deal and left the parking lot. Gamble got back into Sykeo's car, and they drove back across the street to the Wendy's parking lot. Griffin and Teasley were standing outside a car. As Gamble rolled down his window to speak to Griffin, police officers yelled "Freeze!" Gamble, Griffin, Teasley, and defendant were all arrested. Officers seized 53 grams of powder cocaine from Griffin.

On 6 February 2006, defendant was indicted on one count of conspiracy to traffic in cocaine by possession of 28 grams or more of cocaine, but less than 200 grams of cocaine. Defendant and Teasley were tried together beginning on 16 May 2006. The jury found defendant guilty of conspiracy to traffic in cocaine by possession on 17 May 2006, and Judge Orlando F. Hudson, Jr. sentenced defendant to a presumptive range sentence of 35 to 42 months imprisonment. Defendant timely appealed to this Court.

I

[1] Defendant first contends that the trial court erred when instructing the jury as to the sole charge brought against defendant: conspiracy to commit trafficking in cocaine by possession. Defendant argues that because the trial court's instruction referred only to "conspiracy to commit trafficking in cocaine" without specifying "by possession," it gave rise to the risk of a non-unanimous verdict. We disagree.

Defendant and Teasley were tried in the same proceeding. After giving several standard jury instructions, the trial court instructed the jury on Teasley's charge of trafficking in cocaine by transportation:

> Members of the jury, if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant Maurice Teasley, acting either by himself or acting together with Saint Griffin, and that the defendant Maurice Teasley knowingly transported cocaine from one place to another, and that the amount transported was 28 grams or more but less than 200 grams, then it would be your duty to return a verdict of guilty of this offense.
>
> However, if you do not so find, or if you have a reasonable doubt, it would be your duty to return a verdict of not guilty.
>
> Members of the jury, the defendant Maurice Teasley has been charged with feloniously conspiring to commit trafficking in cocaine by possessing 28 grams or more but less than 200 grams of cocaine.

The court went on to instruct the jury on the elements of conspiring to commit trafficking in cocaine by possession:

> First, that the defendant Maurice Teasley and Saint Griffin entered into an agreement.
>
> Second, that the agreement was to commit trafficking in cocaine by possessing 28 grams or more but less than 200 grams of cocaine.
>
> . . . .
>
> And third, that the defendant and Saint Griffin intended that the agreement be carried out at the time it was made.

The court concluded the instruction on the conspiracy charge with respect to Teasley by stating:

> Members of the jury, if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant agreed with at least one person, and that the defendant and that person intended at the time of the agreement, that person being Saint James [sic], that it was made—that it would be carried out, it would be your duty to return a verdict of guilty.

However, if you do not so find, or if you have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty.

Immediately following the instructions for Teasley, the trial court instructed the jury with respect to defendant:

And members of the jury, if you further find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant Temetria Davis agreed with at least one of these people, that being Jeffrey Gamble and Saint James [sic], to commit trafficking in cocaine and that the defendant and those persons intended at the time the agreement was made that it be carried out, then it would be your duty to return a verdict of guilty against this defendant.

However, if you do not so find, or if you have a reasonable doubt at [sic] to one or more of these things, then it would be your duty to return a verdict of not guilty.

At the completion of the instructions, the court asked if counsel had any additions or corrections to the instructions. The State noted that the court referred to "Saint James" rather than "Saint Griffin" at one point, but there were no objections or requested corrections by either defense counsel.

Generally, when a defendant fails to object to errors committed by the trial court during the trial, he is precluded from raising the issue on appeal. N.C.R. App. P. 10(b)(1). This Court has recently reiterated, however, that "[a] defendant's failure to object at trial to a possible violation of his right to a unanimous jury verdict does not waive his right to appeal on the issue, and it may be raised for the first time on appeal." *State v. Mueller*, 184 N.C. App. 553, 575-76, 647 S.E.2d 440, 456, *cert. denied*, 362 N.C. 91, —— S.E.2d —— (2007). *See also State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) ("Where, however, the error violates defendant's right to a trial by a jury of twelve, defendant's failure to object is not fatal to his right to raise the question on appeal."). We may, therefore, consider defendant's unanimity argument despite the lack of any objection at trial.[1]

---

1. Defendant did not assign plain error to the instruction and we are, therefore, precluded from considering any arguments relating to this instruction apart from the question of unanimity. *See State v. Hamilton*, 338 N.C. 193, 208, 449 S.E.2d 402, 411 (1994) (holding defendant waived appellate review because he failed to timely object to the jury charge at trial and failed to allege plain error on appeal).

Under the North Carolina Constitution, "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. *See also* N.C. Gen. Stat. § 15A-1237(b) (2005) ("The verdict must be unanimous, and must be returned by the jury in open court."). Issues of unanimity have usually arisen in the appellate courts when the trial court gave a disjunctive jury instruction. Although defendant relies upon disjunctive jury instruction cases, there was no disjunctive instruction in this case—the court did not provide the jury with alternative bases upon which it could find defendant guilty of conspiracy.

In asserting that the trial court's instruction was effectively a disjunctive instruction, defendant points to N.C. Gen. Stat. § 90-95(h)(3) (2005), which provides that a person is guilty of trafficking in cocaine if he "sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine." Defendant notes that trafficking in cocaine by sale, manufacture, delivery, transportation, and possession are "separate trafficking offenses for which a defendant may be separately convicted and punished." *State v. Garcia*, 111 N.C. App. 636, 641, 433 S.E.2d 187, 190 (1993). Defendant then argues that the court's instruction was necessarily disjunctive since the jury could have found defendant guilty on any one of these five bases.

Defendant, however, overlooks the fact that the trial court, in instructing the jury on the conspiracy charge asserted against defendant, did not instruct the jury regarding these five different means of engaging in trafficking. Even though the trial court instructed that Teasley could be found guilty of trafficking on two different grounds, the instruction as to the conspiracy charge brought against defendant did not include alternative bases and, therefore, there was no disjunctive instruction. Although the lack of specification regarding what activity constituted trafficking might give rise to problems other than a disjunctive instruction, such issues are not before us.

Even if the instruction could be viewed as being disjunctive, defendant has also disregarded the fact that not all disjunctive instructions create an impermissible risk of a non-unanimous verdict. Our Supreme Court has identified two different categories of offenses, with disjunctive instructions violating the unanimity requirement only in one category. As explained by the Supreme Court in *State v. Lyons*, 330 N.C. 298, 302-03, 412 S.E.2d 308, 312 (1991) (citing *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986)), "a disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a sep-*

*arate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense." On the other hand, "if the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied." *Id.* at 303, 412 S.E.2d at 312 (citing *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990)).

Neither defendant nor the State fully address whether this case falls within the *Hartness* or the *Diaz* line of authority. Although *Diaz* held that disjunctive instructions were impermissible with respect to a charge of trafficking with its five different types of offenses, this case involves a conspiracy to traffic. In *State v. McLamb*, 313 N.C. 572, 578, 330 S.E.2d 476, 480 (1985), our Supreme Court noted that it "has long held that the charge of conspiracy need not describe the subject crime with legal and technical accuracy, the charge being the crime of *conspiracy* and not the charge of committing the subject crime." Applying this principle, the *McLamb* Court stated: "Although we recognize that the sale and the delivery of controlled substances are separate offenses, we hold that the indictment in this case charges defendant with one offense: conspiring to sell or deliver—i.e. transfer—cocaine." *Id.* at 579, 330 S.E.2d at 481. As a result, a jury's verdict finding defendant guilty of "conspiring to sell or deliver cocaine" was not ambiguous. *Id.*

*McLamb* controls the resolution of this case. Since defendant was charged only with conspiracy to traffic in cocaine, the fact that the different methods of trafficking constitute separate offenses is immaterial. According to *McLamb*, the trial court instructed the jury as to a single offense—conspiracy to traffic—and, therefore, no risk of a non-unanimous verdict arose.

In any event, even if *Diaz* did apply, the existence of disjunctive instructions does not end the analysis. The court must then "examine the verdict, the charge, the jury instructions, and the evidence to determine whether any ambiguity as to unanimity has been removed." *State v. Petty*, 132 N.C. App. 453, 461-62, 512 S.E.2d 428, 434, *appeal dismissed and disc. review denied*, 350 N.C. 598, 537 S.E.2d 490 (1999).

Here, defendant's counsel, in his closing argument, repeatedly identified the charge against defendant as conspiracy to traffic by possession. Then, during the jury instructions, the language of defendant's conspiracy instruction linked it to the immediately pre-

ceding conspiracy instruction relating to Teasley, which specified that the conspiracy involved an agreement "to commit trafficking in cocaine by possessing 28 grams or more but less than 200 grams of cocaine." Moreover, the verdict form, which was reviewed with the jury by the trial judge, required that the jury decide whether defendant was "Guilty of Conspiracy to Traffic in Cocaine by Possession of more than 28 grams but less than 200 grams of cocaine." While we observe that the better practice would be to have a separate instruction for defendant setting out each of the elements of the charge of conspiracy with respect to her, our review of the record indicates that any danger of a non-unanimous verdict was removed.

II

[2] Defendant next contends that the trial court erred in denying her request for an instruction on the lesser included offense of conspiracy to commit simple possession. She argues that the instruction on the lesser offense was required because she was entrapped into committing the greater offense through manipulation by the police.

During the charge conference, defense counsel stated:

. . . Well, the last thing, your Honor—and I will admit that I don't have any case law to back me up on this.

But these kind of cases, as far as conspiracy goes, are unique in that the amount of drugs is an element of the crime. It's the element of the underlying crime which is trafficking in cocaine by possession of more than 28 grams but less than 200 grams.

And in this particular case, the evidence is that Noy Sykeo, who was the informant, had been instructed to try to make a trafficking amount case, that he in fact was the one that sought two ounces of cocaine and that there was no evidence that Miss Davis had any sort of input at [sic] to that decision.

And given the fact that it is—that that goal of the conspiracy originated in the mind of a government agent—that is, the informant in this case—I would ask the Court to consider in the discretion giving a lesser included offense of conspiracy to commit simple possession of cocaine.

And I ask that, your Honor, just in the sense of equity and fundamental fairness. Because there are no other crimes that I can think of where the informant has such power.

STATE v. DAVIS

[188 N.C. App. 735 (2008)]

We don't see in the criminal justice system cases where someone that's working for the government approaches someone and says let's go do five bank robberies or let's go do eight armed robberies. It is a very powerful position for the informant to be in, and it obviously—as you well know you are submitting this case to the jury that it does not take very much for the State to prove that someone is a co-conspirator.

So it would make a huge difference obviously in Miss Davis' exposure. All we are asking is that you consider submitting it to the jury so that they can make that determination and give whatever significance to the fact that Noy's—it was Noy's idea that it be two ounces.

Let them attach the significance to that particular act. Thank you.

Subsequently, the trial court denied defendant's request for an instruction on conspiracy to commit simple possession.

Defendant argues at length in her brief on appeal that the concept of "sentencing entrapment" required that the trial court instruct on the lesser included offense. "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped into committing a more significant crime that is subject to more severe punishment because of government conduct." *United States v. Si*, 343 F.3d 1116, 1128 (9th Cir. 2003). Sentencing entrapment has been recognized by other states and in federal court. *See Foster*, 162 N.C. App. at 671-72, 592 S.E.2d at 264. This Court adopted the doctrine in *Foster*, 162 N.C. App. 665, 592 S.E.2d 259 (2004), but our decision was affirmed by an equally divided Supreme Court, 359 N.C. 179, 604 S.E.2d 913 (2004), thereby eliminating any precedential value.

In contrast to this case, however, the sentencing entrapment cases involve a request for an instruction on that defense. *Foster*, 162 N.C. App. at 671-72, 592 S.E.2d at 264. Here, defendant never requested an instruction on the sentencing entrapment defense at trial nor does she assign error on appeal to the trial court's failure to give the sentencing entrapment instruction. With respect to the request for an instruction on the lesser included offense, defendant cites no authority suggesting she was entitled to such an instruction in the absence of the sentencing entrapment defense being submitted to the jury. We, therefore, hold that the issue of sentencing entrapment is not properly before this Court.

Based upon the evidence in the record, the trial court did not err in refusing to instruct as to conspiracy to commit simple possession. "A defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *State v. Ledwell*, 171 N.C. App. 328, 333, 614 S.E.2d 412, 415 (internal quotation marks omitted), *disc. review denied*, 360 N.C. 73, 622 S.E.2d 624 (2005). The evidence presented in this case supports only a finding that defendant conspired to possess a trafficking amount of cocaine. There was no evidence presented tending to show that defendant conspired to possess any lesser amount. The trial court was not, therefore, required to give an instruction on the lesser offense. .

No error.

Judges CALABRIA and JACKSON concur.