STATE OF NORTH CAROLINA v. HULON LEON WILSON, JR.

No. COA96-1469

(Filed 3 March 1998)

**1. Appeal and Error § 163 (NCI4th)— kidnapping indictment—felonious restraint conviction—indictment insufficient for conviction—failure to object**

Defendant's failure to object to the submission of felonious restraint to the jury on an indictment for first-degree kidnapping was not an impediment to appeal because defendant challenged the indictment on the grounds that it was on its face insufficient to support the offense of which he was convicted.

**2. Indictment, Information, and Criminal Pleadings § 3 (NCI4th)— kidnapping indictment—felonious restraint instruction requested—right to challenge indictment not waived**

Defendant did not waive his right to challenge the sufficiency of an indictment for first-degree kidnapping to support a conviction for felonious restraint by requesting the instruction on felonious restraint. Under N.C.G.S. § 15A-642(c), waiver of indictment must be in writing and signed by defendant and his attorney.

**3. Indictment, Information, and Criminal Pleadings § 18 (NCI4th)— first-degree kidnapping indictment—felonious restraint conviction—lesser offense—required allegations**

A first-degree kidnapping indictment which did not allege that defendant transported the victim by motor vehicle or other

STATE v. WILSON

[128 N.C. App. 688 (1998)]

conveyance was insufficient to support a charge of felonious restraint and the court erred by submitting that charge to the jury as a possible verdict. The legislature has not adopted a short form indictment for kidnapping and, although the legislature has expressly declared that felonious restraint is a lesser included offense of kidnapping, a statute which simply authorizes a verdict to a lessor offense upon trial on a greater offense does not eliminate the requirement that every essential element of the lesser charge be alleged in the indictment. N.C.G.S. § 14-43.3.

4. **Constitutional Law § 219 (NCI4th)— kidnapping indictment—felonious restraint conviction—indictment insufficient—new indictment for felonious restraint—double jeopardy**

A judgment upon a conviction for felonious restraint upon an indictment for first-degree kidnapping which did not allege the essential element of transportation by motor vehicle or other conveyance was remanded for judgment and sentencing for false imprisonment. Under double jeopardy, the State cannot now seek to indict and try defendant for felonious restraint; however, the verdict of felonious restraint means that the jury found each of the elements of false imprisonment.

Appeal by defendant Hulon Leon Wilson, Jr. from judgment entered 22 May 1996 by Judge Howard E. Manning, Jr., in Durham County Superior Court. Heard in the Court of Appeals 28 August 1997.

*Michael F. Easley, Attorney General, by Charles J. Murray, Special Deputy Attorney General, for the State.*

*Brian Michael Aus, for defendant Hulon Leon Wilson, Jr.*

WYNN, Judge.

"[W]hen a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense [only] when the greater offense which is charged in the bill of indictment contains all of the essential elements of the lesser."[1] Felonious restraint, a lesser included offense of kidnaping, requires proof that the

---

1. *State v. Hunter*, 299 N.C. 29, 38, 261 S.E.2d 189, 195 (1980); *see also State v. Jones*, 110 N.C. App. 289, 292, 429 S.E.2d 410, 412 (1993).

**STATE v. WILSON**

[128 N.C. App. 688 (1998)]

victim was transported in a motor vehicle or other conveyance.[2] Because the kidnaping indictment in the subject case fails to charge that the defendant transported the victim by motor vehicle or other conveyance, we must vacate his conviction on the lesser included offense of felonious restraint. However, we remand to the trial court for imposition of judgment of the lesser included offense of false imprisonment which does not require proof of transportation by motor vehicle or other conveyance.

### Facts

As a result of an incident which occurred on November 14, 1995, defendant was indicted and tried on May 21, 1996 in the Superior Court of Durham County for first degree kidnaping and assault. At the conclusion of the trial, defendant was acquitted of the assault charge but convicted of felonious restraint, which was submitted to the jury as a lesser included offense under the kidnaping indictment. The trial court sentenced defendant to an active sentence of twenty-five (25) to thirty (30) months imprisonment.

### Preliminary Issues

Before we discuss the merits of our decision today, certain litigation facts in this case constrain us to address the preliminary question of whether this issue was properly preserved for our appellate review.

[1] According to the record, defendant in this case did not object to the trial court's submission of felonious restraint to the jury. In fact, during the charge conference, defense counsel asked the court to consider submitting felonious restraint as well as second degree kidnaping and false imprisonment as possible verdicts. Ordinarily, under the invited error doctrine, such action and inaction by defendant would prevent him from now seeking appellate review of the contested issues.[3] However, defendant argues that, inasmuch as the indictment in this case is subject to a motion in arrest of judgment and he did not formally waive his right to an indictment, the issue regarding the trial court's submission of the felonious restraint charge to the jury is preserved as a matter of law. We agree.

---

2. *See* N.C. Gen. Stat. § 14-43.3 (1995).

3. *See* N.C. Gen. Stat. § 15A-1443(c) (1988) ("A defendant is not prejudiced . . . by error resulting from his own conduct.").

STATE v. WILSON

[128 N.C. App. 688 (1998)]

Where there is a fatal defect in the indictment, verdict or judgment which appears on the face of the record, a judgment which is entered notwithstanding said defect is subject to a motion in arrest of judgment.[4] A defect in an indictment is considered fatal if it "wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty."[5] When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal.[6] As the indictment in the subject case is being challenged by defendant on the grounds that it is on its face, insufficient to support the offense of which defendant was convicted, we conclude that defendant's failure to object to the submission of the felonious restraint charge is not an impediment to this appeal since such a challenge of the indictment may be made for the first time on appeal.

[2] Having concluded that defendant's failure to object is not fatal to his appeal, we now consider whether defendant, nonetheless, waived his right to challenge the sufficiency of the indictment under which he was convicted by requesting an instruction on felonious restraint. In addressing this issue, we refer to N.C. Gen. Stat. § 15A-642(c) which provides that:

Waiver of indictment must be in writing and signed by the defendant and his attorney. The waiver must be attached to or executed upon the bill of indictment.

We also find it instructive that our courts, in applying N.C.G.S. § 15A-642(c), have held that neither a tendering of a guilty plea by a defendant,[7] nor the tendering to the trial court of an unsigned waiver,[8] could be considered sufficient waivers of a defendant's right to a formal indictment. Guided by such precedent and the plain language of the statute itself, we conclude that defendant's request for an instruction on felonious restraint did not constitute a formal waiver of his right to be charged under a sufficient indictment. Accordingly, we

---

4. *State v. Davis*, 282 N.C. 107, 117, 191 S.E.2d 664, 670 (1972).

5. *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943).

6. *State v. Wallace*, 25 N.C. App. 360, 362, 213 S.E.2d 420, 422 (1975); *State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982); *State v. Sellers*, 273 N.C. 641, 645, 161 S.E.2d 15, 18 (1968).

7. *State v. Brown*, 21 N.C. App. 87, 88, 202 S.E.2d 798 (1974).

8. *State v. Neville*, 108 N.C. App. 330, 333, 423 S.E.2d 496, 497 (1992).

now address the merits of defendant's argument that the indictment charging him with first degree kidnaping was insufficient to support defendant's conviction of felonious restraint.

## Discussion

**[3]** North Carolina courts have long held that in making out an indictment or criminal summons, the state need only allege ultimate facts.[9] Evidentiary matters simply need not be alleged.[10] However, it is also well settled in this state that "when a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense [only] when the greater offense which is charged in the bill of indictment contains all of the essential elements of the lesser."[11] Thus, when the lesser charge has an essential element not alleged in the bill of indictment charging the greater offense, no conviction may be had on the lesser offense.[12]

The above rule governs when determining the sufficiency of an indictment, unless the legislature has authorized the state to use short-form indictments for the crime in question.[13] Only when such authorization is given is the state exempt from the common law rule that it must allege every element of the lesser included charge in order to obtain a conviction pursuant to an indictment charging the greater offense.[14] As of yet, the legislature has not adopted a short form indictment for the crime of kidnaping.[15] Therefore, in determining the sufficiency of the indictment in the subject case, we are compelled to follow the general common law rule that the state must allege every element of a lesser included offense in order to obtain a conviction under an indictment charging the greater offense.

The body of the indictment in this case charged that defendant did

"kidnap Trenda Jean Wilson, a person who had attained the age of 16 years of age, by unlawfully confining and removing her from

---

9. *State v. Coker*, 312 N.C. 432, 437, 323 S.E.2d 343, 348 (1984).

10. *Id.* (citing *State v. Palmer*, 293 N.C. 633, 239 S.E.2d 406 (1977)).

11. *State v. Hunter*, 299 N.C. 29, 38, 261 S.E.2d 189, 195 (1980); *see also State v. Jones*, 110 N.C. App. 289, 292, 429 S.E.2d 410, 412 (1993).

12. *State v. Overman*, 269 N.C. 454, 464, 153 S.E.2d 44, 54 (1967).

13. *See e.g.* N.C. Gen. Stat. § 15-144 through 144.2 (1983).

14. *State v. Jerrett*, 309 N.C. 239, 259, 307 S.E.2d 339, 350 (1983).

15. *Id.*

one place to another, without her consent and for the purpose of holding her hostage and terrorizing her and the defendant did not release Trenda Jean Wilson in a safe place."

(emphasis added). The offense of kidnaping is defined in N.C. Gen. Stat. § 14-39 as follows:

(a) Any person who shall unlawfully confine, restrain, or remove any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnaping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or

(4) Holding such other person in involuntary servitude in violation of G.S. § 14-43.2.

The lesser included offense of felonious restraint, of which defendant was convicted, is defined in N.C. Gen. Stat. § 14-43.3 as follows:

A person commits the offense of felonious restraint if he unlawfully restrains another person without that person's consent, or the consent of the person's parent or legal guardian if the person is less than 16 years old, and moves the person from the place of initial restraint by transporting him in motor vehicle or other conveyance. Violation of this section is a Class F felony. Felonious restraint is considered a lesser included offense of kidnaping.

(emphasis added).

The difference between the greater offense of kidnaping and the lesser included offense of felonious restraint is clear from the language of the cited criminal statutes. In addition to not requiring the specified purpose or intent outlined in the kidnaping statute, the offense of felonious restraint contains an element not contained in the crime of kidnaping-transportation by motor vehicle or other conveyance. In fact, it is this element which distinguishes felonious

restraint from another lesser included offense of kidnaping, false imprisonment. False imprisonment, like felonious restraint, contains all of the elements of kidnaping, except for the requirement that there be an intent to confine, restrain, or remove another person.[16] Unlike felonious restraint, however, the offense of false imprisonment does not include the element of transportation by motor vehicle or other conveyance.

Given the plain language of the felonious restraint statute and the distinction between the offenses of kidnaping, felonious restraint and false imprisonment, we conclude that, absent authorization by the legislature of a short-form indictment, transportation by motor vehicle or other conveyance is an essential element of the crime of felonious restraint that must be alleged by the State in a bill of indictment in order to properly indict a defendant for that crime. In our view, the State's decision to allege that the defendant transported the victim by motor vehicle or other conveyance relates not to an evidentiary matter or a theory of the trial, but rather, it relates to the State's decision as to what *offense* to proceed upon.[17] As such, the defendant in this case could not have lawfully been convicted of the crime of felonious restraint upon his trial on the kidnaping indictment since the indictment here did not allege that the defendant transported the victim by motor vehicle or other conveyance.

In its brief, the state argues that for this court to reach such a conclusion would serve to circumvent the legislature's express proclamation in N.C.G.S. § 14-43.4 that the offense of felonious restraint is a lesser include offense of kidnaping. The State contends that the legislature, by expressly declaring that felonious restraint is a lesser included offense of kidnaping, effectively relieved it of its common law burden of having to specifically allege that the defendant transported the victim by motor vehicle or other conveyance. We disagree.

A line of North Carolina Supreme Court cases involving short-form murder indictments support this Court's conclusion. The first of

---

16. *See State v. Claypoole,* 118 N.C. App. 714, 717, 457 S.E.2d 322, 324 (1995); *see also State v. Pigott,* 331 N.C. 199, 210, 415 S.E.2d 555, 562 (holding that the difference between kidnaping and the lesser included offense of false imprisonment is the purpose of the confinement, restraint or removal, such that if the unlawful restraint occurs without any of the purposes specified in the kidnaping statute, the offense is false imprisonment).

17. *See Coker,* 312 N.C. at 437, 323 S.E.2d at 348.

these cases is *State v. Rorie*, 252 N.C. 579, 114 S.E.2d 233 (1960). In *Rorie*, the defendant was tried on an indictment charging him with murder using the statutorily authorized short-form indictment. The jury subsequently acquitted him of murder and convicted him of felonious assault. After reciting the provisions of N.C.G.S. § 15-169 (providing that when a defendant charged with any felony involving an assault upon the person the jury may acquit on the felony charged and convict defendant of the assault) and N.C.G.S. § 15-170 (providing that a defendant may be convicted of a lesser degree of the offense charged in the indictment or of attempt), our Supreme Court concluded that:

> [n]otwithstanding the provisions of the above statutes, when it is sought to fall back on the lesser offense of assault and battery or assault with a deadly weapon, in case the greater offense, murder or manslaughter, is not made out, the indictment for murder should be so drawn as necessarily to include an assault and battery or assault with a deadly weapon, or it should contain a separate count to that effect.

*Rorie*, 252 N.C. at 581, 114 S.E.2d at 235 (citations omitted). The court then went on to hold that, because the form of the indictment charged an offense of which assault with a deadly weapon may or may not have been an ingredient, the bill of indictment was insufficient to support a verdict of felonious assault. *Id.* at 582, 114 S.E.2d at 235.

Following in line with its decision in *Rorie*, the court in both *State v. Whiteside*, 325 N.C. 389, 383 S.E.2d 911 (1989) and *State v. Gibson*, 333 N.C. 29, 424 S.E.2d 95 (1992) rejected the defendants' contention that the trial courts in each of their murder cases erred by refusing to give jury instructions on the lesser included offense of felonious assault. In addressing the defendant's contention in *Whiteside*, the court held that the murder indictment under consideration was insufficient to support an assault verdict, despite the fact that the state had used a short-form indictment. *Whiteside*, 325 N.C. at 402-04, 383 S.E.2d at 918-19. In *Gibson*, the court affirmed its decision in *Whiteside* and concluded that the principles set forth in *Rorie* were applicable to the case before it even though it was the defendant, rather than the state, seeking a lesser included charge under the short-form murder indictment. *Gibson*, 333 N.C. at 38-39, 424 S.E.2d at 100-01. According to the court, it was simply fundamental to due

process that a defendant not be convicted of a crime with which he had not been charged. *Id.*

We read *Rorie, Whiteside* and *Gibson* as standing for the proposition that a statute which simply authorizes a verdict to a lesser offense upon the trial of a defendant on a greater offense does not eliminate the requirement that every essential element of the lesser charge be alleged in the indictment before a defendant may be convicted of the lesser charge. Therefore, we hold that the legislature's proclamation in N.C.G.S. § 14-43.34 that felonious restraint is a lesser included offense of kidnaping does not relieve the State of its duty to allege in the kidnaping indictment that the defendant transported the victim by motor vehicle or other conveyance. Because the state did not allege the element of transportation here, there is nothing on the face of the indictment that can be said to appraise the defendant or the court of the fact that the state was alleging felonious restraint, as opposed to false imprisonment, as a lesser included offense to the kidnaping charge. Accordingly, we hold that the kidnaping indictment in this case is insufficient to support a charge of felonious restraint, and that the trial court, therefore, erred in submitting that charge to the jury as a possible verdict.

[4]   Additionally, we hold that because of double jeopardy principles, the State, having chosen to word the kidnaping indictment in a manner which did not support a conviction for felonious restraint, cannot now seek to indict and try defendant on the lesser included offense of felonious restraint.[18] However, since the jury's verdict of felonious restraint means that they found each of the elements of false imprisonment, we remand this case to the trial court for imposition of judgment and appropriate sentencing for the offense of false imprisonment.

VACATED AND REMANDED for imposition of judgment and sentence on false imprisonment.

Judges GREENE and MARTIN, Mark D., concur.

---

18. *See Gibson,* 333 N.C. at 39, 424 S.E.2d at 101 (holding that the state takes a risk in using a short-form indictment since a verdict of not guilty of the crime on which defendant is indicted prohibits the state on double jeopardy principles from retrying the defendant on the lesser included crimes).