STATE v. LOCKLEAR

[178 N.C. App. 732 (2006)]

_____

STATE OF NORTH CAROLINA v. TINA LYNN LOCKLEAR, Defendant

No. COA05-509

(Filed 1 August 2006)

1. **Child Abuse and Neglect— bodily injury versus physical injury—sentence not supported by instructions**

   It was error to sentence defendant for felonious child abuse inflicting serious bodily injury where the jury was only instructed on the lesser offense of felony child abuse inflicting serious physical injury. N.C.G.S. §§ 14-318.4(a), (a3).

2. **Child Abuse or Neglect— subject matter jurisdiction—allegation that defendant a parent or caregiver**

   The trial court failed to gain subject matter jurisdiction, and a conviction for felonious child abuse was vacated, where the indictment did not allege the essential element that defendant was a parent or other person providing care or supervision to a child.

3. **Child Abuse and Neglect— child abuse—flawed indictment—lesser offense of misdemeanor assault**

   A flawed indictment and verdict for felonious child abuse supported the lesser offense of misdemeanor assault.

Appeal by Defendant from judgment entered 27 September 2004 by Judge Gary L. Locklear in Superior Court, Robeson County. Heard in the Court of Appeals 10 January 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Laura E. Crumpler, for the State.*

*Paul F. Herzog for defendant-appellant.*

WYNN, Judge.

An essential element of felonious child abuse is that injury be inflicted by "[a] parent or any other person providing care to or supervision of a child less than 16 years of age[.]"[1] Defendant argues that since the indictment failed to include this element, her conviction of felony child abuse must be vacated. Because the indictment and jury verdict only support the entry of judgment for the crime of misdemeanor assault, we must vacate Defendant's conviction for felony child abuse and remand for re-sentencing.

On 1 October 2001, the grand jury of Robeson County indicted Defendant Tina Lynn Locklear for felonious child abuse pursuant to section 14-318.4(a) of the North Carolina General Statutes. The indictment alleged that Ms. Locklear

unlawfully, willfully and feloniously did, intentionally inflict serious bodily injury, blunt force trauma, on [the victim], who was 2 years old and thus under 16 years of age, all against the form of the statute in such case made and provided and against the peace and dignity of the State.

Nowhere did the indictment allege that Ms. Locklear was "[a] parent or any other person providing care to or supervision of a child[.]" N.C. Gen. Stat. §§ 14-318.4(a), (a3) (2005).

Following presentation of the evidence, the trial court instructed the jury regarding felonious child abuse as follows:

For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:

First, that the defendant was the parent of the child;

Second, that, at the time, the child had not reached her sixteenth birthday;

---

1. N.C. Gen. Stat. §§ 14-318.4(a), (a3) (2005).

Third, that the defendant intentionally assaulted the child which proximately resulted in serious physical injury to the child.

. . .

Regarding the definition of a serious injury: A "serious physical injury" is such physical injury as causes great pain and suffering.

The trial court repeated the above-stated instructions for felonious child abuse inflicting "serious *physical* injury" three times. At no point did the trial court instruct the jury regarding "serious *bodily* injury" as alleged in the indictment.

Upon consideration of the evidence, the jury found Ms. Locklear guilty of "Felony Child Abuse-Serious Injury." From this conviction, Ms. Locklear appeals contending it was error to sentence her for felonious child abuse inflicting serious *bodily* injury, a Class C felony, where the jury was only instructed on the lesser offense of felony child abuse inflicting serious *physical* injury, a Class E felony; and, the indictment failed to allege that she was either a parent or caretaker of the child, an essential element of the crime of felonious child abuse. We must agree.

I.

[1] Two separate crimes of felonious child abuse under North Carolina law are relevant to this appeal—(1) felonious child abuse inflicting serious *bodily* injury and (2) felonious child abuse inflicting serious *physical* injury.

Felonious child abuse inflicting serious *bodily* injury is defined by section 14-318.4(a3), which states:

A parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious bodily injury to the child or who intentionally commits an assault upon the child which results in any serious bodily injury to the child, or which results in permanent or protracted loss or impairment of any mental or emotional function of the child, is guilty of a Class C felony. "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

N.C. Gen. Stat. § 14-318.4(a3).

The separate crime of felonious child abuse inflicting serious *physical* injury is defined under section 14-318.4(a), which states:

A parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious physical injury upon or to the child or who intentionally commits an assault upon the child which results in any serious physical injury to the child is guilty of a Class E felony, except as otherwise provided in subsection (a3) of this section.

N.C. Gen. Stat. § 14-318.4(a). Felonious child abuse inflicting serious *physical* injury is defined as "injuries that cause great pain and suffering." *State v. Phillips*, 328 N.C. 1, 20, 399 S.E.2d 293, 303, *cert. denied*, 501 U.S. 1208, 115 L. Ed. 2d 977 (1991).

Felonious child abuse inflicting serious *physical* injury is punishable as a Class E felony, whereas felonious child abuse inflicting serious *bodily* injury is a more serious crime punishable as a Class C felony. *See* N.C. Gen. Stat. §§ 14-318.4(a), (a3).

Here, the indictment charged Ms. Locklear with "inflicting serious *bodily* injury" whereas the record shows that the trial court instructed the jury regarding "serious physical injury", a lesser crime. Because the trial court failed to instruct the jury regarding "serious bodily injury" as alleged in the indictment, it was error to sentence Ms. Locklear for felonious child abuse inflicting serious *bodily* injury, a Class C felony, where the jury was only instructed on the lesser offense of felony child abuse inflicting serious *physical* injury, a Class E felony.

II.

[2] Nonetheless, "where the indictment does sufficiently allege a lesser-included offense, we may remand for sentencing and entry of judgment thereupon." *State v. Bullock*, 154 N.C. App. 234, 245, 574 S.E.2d 17, 24 (2002). But we cannot remand this matter for re-sentencing on felony child abuse inflicting serious *physical* injury because the indictment in this case failed to allege an essential element required for proof of that crime—that injury be inflicted by "[a] parent or any other person providing care to or supervision of a child less than 16 years of age[.]"[2] N.C. Gen. Stat. § 14-318.4(a); *Phillips*,

---

2. This element is also required for proof of the crime of felonious child abuse inflicting serious bodily injury. N.C. Gen. Stat. § 14-318.4(a3).

328 N.C. at 20, 399 S.E.2d at 302 (defining felony child abuse as "the intentional infliction of serious injuries by *a caretaker* to a child" (emphasis added)); *see also State v. Carrilo*, 149 N.C. App. 543, 549, 562 S.E.2d 47, 51 (2002) (noting that "the evil that the legislature intended to suppress by the felony child abuse statute is clearly the intentional infliction of serious injury upon a child who is dependent upon another for his or her care or supervision"); *State v. Qualls*, 130 N.C. App. 1, 8, 502 S.E.2d 31, 36 (1998) (stating that, "All that is required to indict a defendant for felonious child abuse is an allegation that the defendant was the parent or guardian of the victim, a child under the age of 16, and that the defendant intentionally inflicted any serious injury upon the child."), *aff'd per curiam*, 350 N.C. 56, 510 S.E.2d 376 (1999).

"An indictment is insufficient if it fails to allege the essential elements of the crime charged as required by Article I, Section 22 of the North Carolina Constitution and our legislature in N.C.G.S. § 15-144." *Bullock*, 154 N.C. App. at 244, 574 S.E.2d at 23. "When an indictment has failed to allege the essential elements of the crime charged, it has failed to give the trial court subject matter jurisdiction over the matter, and the reviewing court must arrest judgment." *Id.* Failure of a criminal pleading to charge the essential elements of the alleged offense is an error of law which may be corrected upon appellate review even where the defendant fails to object at the trial level. *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981); *see also State v. Wilson*, 128 N.C. App. 688, 497 S.E.2d 416 (1998) (noting that a challenge to the sufficiency of an indictment may be made for the first time on appeal).

Here, the indictment failed to allege Ms. Locklear was "[a] parent or any other person providing care to or supervision of a child," which is an essential element of the crime of felonious child abuse. *See* N.C. Gen. Stat. §§ 14-318.4(a), (a3) (injury must be inflicted by "[a] parent or any other person providing care to or supervision of a child less than 16 years of age"); *Phillips*, 328 N.C. at 20, 399 S.E.2d at 302. As such, the trial court failed to gain subject matter jurisdiction over the matter, and we must therefore vacate Ms. Locklear's conviction of felonious child abuse. *Bullock*, 154 N.C. App. at 244, 574 S.E.2d at 23.

III.

[3] Although the indictment fails to allege the crime of felonious child abuse, it does sufficiently allege the lesser-included offense of

misdemeanor assault on a child under section 14-33(c) of the North Carolina General Statutes which states, in pertinent part as follows:

Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she:

(1) Inflicts serious injury upon another person . . .

(3) Assaults a child under the age of 12 years; . . . .

N.C. Gen. Stat. § 14-33(c) (2005).

Here, the indictment charged Ms. Locklear with felonious child abuse inflicting serious injury upon a child, and the trial court instructed the jury regarding felonious child abuse inflicting serious physical injury. In doing so, the trial court instructed the jury that to find Ms. Locklear guilty of felonious child abuse, it had to find beyond a reasonable doubt that Ms. Locklear intentionally assaulted the child, resulting in serious physical injury to the child. The jury found Ms. Locklear guilty of felonious child abuse inflicting serious injury. As such, the jury necessarily found that Ms. Locklear assaulted the child, resulting in serious injury to the child. Thus, the indictment and jury verdict support the entry of judgment for the crime of Class A1 misdemeanor assault.

In sum, we vacate the judgment of the trial court and remand Ms. Locklear's case for re-sentencing on the crime of Class A1 misdemeanor assault.

Vacated and remanded for re-sentencing.

Judges HUNTER and JACKSON concur.