STATE OF NORTH CAROLINA v. AMOS PATRICK KELSO

No. COA06-1489

(Filed 18 December 2007)

**1. Sexual Offenses— first-degree rape indictment—sexual battery conviction—indictment not sufficient**

An indictment for first degree rape that did not include the purpose element of the sexual battery statute was insufficient to confer subject matter jurisdiction for a sexual battery conviction. The trial court lacked jurisdiction and judgment was arrested.

**2. Appeal and Error— defect in indictment—objection not required for appeal**

Defendant was not required to object to a defect in an indictment to preserve the issue for appeal. A motion for arrest of judgment based upon the insufficiency of an indictment may be made for the first time on appeal.

**3. Appeal and Error— insufficient indictment—invited error not applicable**

Due to another Court of Appeals decision on similar facts, a defendant was entitled to relief despite the invited error doctrine where he encouraged the court to submit sexual battery as a lesser included offense and appeals on the insufficiency of the indictment for first-degree rape to support a conviction for sexual battery.

Appeal by defendant from judgment entered 17 February 2006 by Judge Jerry Cash Martin in Watauga County Superior Court. Heard in the Court of Appeals 10 September 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Amos Patrick Kelso ("defendant") was charged in a bill of indictment with first degree rape of C.S., first degree sexual offense and attempted first degree sexual offense against C.S., and assault upon C.S. by strangulation. He entered pleas of not guilty. As to the charge of first degree rape, the jury found him guilty of sexual battery; he was acquitted of all of the other charges.

At trial, the State offered evidence tending to show that both defendant and C.S. were students at Appalachian State University and lived in the same dormitory. C.S. testified that she found defendant attractive, and she told friends that she was romantically interested in him. On the evening of 10 December 2004, C.S. testified that she watched television with defendant and his roommate in their room on the second floor of the dormitory. Around midnight, C.S. went upstairs to her room on the sixth floor, and decided to go with friends to a party at another friend's apartment. Defendant encountered one of C.S.'s friends and learned of their plans; he also went to the party.

C.S. walked home from the party with some friends around 1:30 or 2:00 a.m., and went to bed at approximately 2:15-2:45 a.m. About 5:15 a.m., defendant knocked on C.S.'s door and asked her to come downstairs to "hang out." She went with defendant to the second floor, where defendant pulled her into the lobby and began kissing her. C.S. did not resist because she had romantic feelings for defend-

ant, but then he led her into the nearby bathroom, where she testified that he forcibly had vaginal sex with her and forced her to perform fellatio upon him, notwithstanding her resisting him and pleading with him to stop. He then grabbed her by the neck until she thought she was going to pass out. She also testified that defendant bit her on both sides of her neck.

C.S. was taken by her friends to the emergency room at Watauga Medical Center where she was examined by Dr. Frederick Miner, who observed bruises and signs of trauma on her neck, lacerations and abrasions on her genital area, and bruises on her knees.

Defendant's roommate testified that he had been friends with C.S. and that she had expressed an interest in defendant, and had exposed her breasts to defendant on several occasions when she was visiting in their room. He testified that C.S. had told him on a previous occasion that she wanted defendant to have sex with her and that she wanted to fellate him.

Defendant testified that he had been drinking heavily on the night in question, and that when he returned to his room he asked his roommate which room C.S. lived in. Upon getting the room number, he went upstairs and asked her to come with him. They went to a dormitory lounge and began "making out", but went into a bathroom when they heard a door slam. He testified that he exposed his penis and put C.S.'s hand on it, and then she began to perform oral sex on him. He testified that he did not force her. He then helped her up and she unbuttoned her pants and turned around and they had sexual intercourse. She did not resist. At one point, he attempted to penetrate her anally and she quietly told him that it hurt and he stopped. He again attempted to penetrate her vaginally, but lost his erection. He was embarrassed, so he just left. According to defendant, all of the sexual activity with C.S. was consensual.

During the jury instruction conference, the trial court indicated that, as to the rape charge, it would instruct upon, and submit to the jury, the possible verdicts of Guilty of First Degree Rape, Guilty of Second Degree Rape, Guilty of Sexual Battery, Guilty of Assault on a Female, Guilty of Simple Assault, or Not Guilty. The State objected to the court's proposed instructions as to the offenses of sexual battery, assault on a female, and simple assault, contending these offenses were not lesser offenses of first degree rape. While defendant's trial counsel requested for the record that the jury be instructed only as to the verdicts of Guilty of First Degree Rape or Not Guilty, she argued

to the trial court that an instruction on the offenses of sexual battery and assault on a female would be appropriate and asserted specifically that "all the elements of sexual battery are contained in the elements of first degree rape" and that the offense was therefore a lesser included offense of first degree rape.

The trial court overruled the State's objection and instructed the jury in accordance with its original statement of intention. The jury found defendant guilty of sexual battery and the court entered a judgment upon the verdict sentencing defendant to a term of 75 days in the custody of the Sheriff of Watauga County.

[1] Defendant's sole argument on appeal is that the trial court had no jurisdiction to enter judgment against him on the offense of sexual battery. Defendant contends that sexual battery is not a lesser included offense of first degree rape and, therefore, the bill of indictment charging him with first degree rape was insufficient to confer subject matter jurisdiction on the trial court to enter judgment as to the offense of sexual battery.

As the State concedes, North Carolina has a well-established definitional test for determining whether one offense is a lesser included offense of another crime:

> [T]he definitions accorded the crimes determine whether one crime is a lesser included offense of another crime. In other words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense.

*State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 378-79 (1982) (citation omitted) (emphasis omitted), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993); *accord State v. Hedgepeth*, 165 N.C. App. 321, 324, 598 S.E.2d 202, 205, *disc. rev. denied*, 359 N.C. 193, 607 S.E.2d 656 (2004) (holding that a "lesser" crime cannot be a lesser included offense of a "greater" crime if the lesser crime contains an essential element not included in the greater crime).

Defendant was indicted for first degree rape. The pertinent essential elements of first degree rape are: (1) vaginal intercourse; (2) with another person; (3) by force and against the will of the other person; (4) while inflicting serious personal injury upon the victim or another

person. N.C. Gen. Stat. § 14-27.2(a) (2005). The essential elements of sexual battery are: (1) sexual contact with another person; (2) by force and against the will of the other person; and (3) for the purpose of sexual arousal, gratification or abuse. N.C. Gen. Stat. § 14-27.5A (2005). Sexual battery requires that the act be for the purpose of sexual arousal, gratification or abuse, while first degree rape does not. Thus, as the State also concedes, sexual battery is not a lesser included offense of first degree rape.

"North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court a[c]quires no jurisdiction [whatsoever], and if it assumes jurisdiction a trial and conviction are a nullity.' " *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (quoting *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)). In other words, an indictment must allege every element of an offense in order to confer subject matter jurisdiction on the court.

While the State concedes the correctness of the foregoing principles of North Carolina law, it argues that the rule that a failure to allege each and every element of an offense is a jurisdictional defect is "antiquated" and followed by only a small minority of states. The State urges that we should reject the earlier rulings. We are, however, not free to do so, as this Court has no authority to overrule or otherwise disturb established precedent. *Kinlaw v. Long Mfg.*, 40 N.C. App. 641, 643, 253 S.E.2d 629, 630, *rev'd on other grounds*, 298 N.C. 494, 259 S.E.2d 552 (1979) (holding that "it is not our prerogative to overrule or ignore clearly written decisions of our Supreme Court"). Since the indictment for first degree rape did not include the purpose element included in the sexual battery statute, we must hold it was insufficient to confer subject matter jurisdiction over, and the trial court lacked jurisdiction to enter a judgment of defendant's guilt of, that offense.

An arrest of judgment is proper when the indictment "wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943). Further, "[w]hen an indictment has failed to allege the essential elements of the crime charged, it has failed to give the trial court subject matter jurisdiction over the matter, and the reviewing court must arrest judgment." *State v. Bullock*, 154 N.C. App. 234, 244, 574 S.E.2d 17, 23 (2002), *disc. review denied*, 357 N.C. 64, 579 S.E.2d 396,

*cert. denied,* 540 U.S. 928, 124 S. Ct. 338, 157 L. Ed. 2d 231 (2003). Therefore, we must arrest the judgment of the trial court.

**[2]** We note that defendant was not required to object to the indictment defect at trial in order to preserve the issue. A motion for arrest of judgment based upon the insufficiency of an indictment may be made for the first time on appeal. *State v. Wallace,* 25 N.C. App. 360, 363, 213 S.E.2d 420, 422 (1975). Further, under N.C.G.S. § 15A-1446(d)(1), a trial court's lack of jurisdiction over the offense of which the defendant was convicted "may be the subject of appellate review even though no objection, exception or motion has been made in the trial division." N.C. Gen. Stat. § 15A-1446(d)(1) (2005).

**[3]** The State also argues that, because defendant's counsel encouraged the trial court to submit the offense of sexual battery to the jury as a lesser included offense of first degree rape, it would be unfair to allow defendant to now take advantage of the error which he encouraged the trial court to make. Our Supreme Court has adopted the doctrine of invited error, holding that an appellant may not assign error "to the granting of [his] own requests" at trial. *State v. Wilkinson,* 344 N.C. 198, 213, 474 S.E.2d 375, 383 (1996). North Carolina courts have "consistently denied appellate review" to defendants who do so. *Id.;* *see also State v. Patterson,* 332 N.C. 409, 415, 420 S.E.2d 98, 101 (1992) (holding that invited error "does not entitle the defendant to any relief and of which he will not be heard to complain on appeal"). Further, our Supreme Court has held that "a criminal defendant will not be heard to complain of a jury instruction given in response to his own request." *State v. McPhail,* 329 N.C. 636, 643, 406 S.E.2d 591, 596 (1991); *see also State v. Basden,* 339 N.C. 288, 302, 451 S.E.2d 238, 246 (1994) (holding that the defendant could not appeal a jury instruction where he "did not object to the challenged instruction, but in fact, requested it and stated he was satisfied with it"), *cert. denied,* 515 U.S. 1152, 115 S. Ct. 2599, 132 L. Ed. 2d 845 (1995).

None of the foregoing cases, however, dealt with a failure of subject matter jurisdiction. If this were a case of first impression with us, we might be inclined to agree with the State that the defendant should not be allowed to obtain relief from a judgment entered upon an improper offense which his own counsel requested. It seems to us that affording a defendant relief under such circumstances might encourage the bad faith trial tactic of urging the submission of improper lesser offenses at trial in the hopes of obtaining appellate relief predicated on invited error. *See Shepherd v. State,* 459 S.E.2d

608, 609 (Ga. Ct. App. 1995) (holding that the defendant could be convicted of sexual battery, a lesser crime not included in the offense for which he was indicted, where the defendant requested that sexual battery be submitted to the jury); *Kemp v. State*, 647 N.E.2d 1143, 1145-46 (Ind. Ct. App. 1995) (holding that the defendant, who was indicted for first degree rape and convicted of sexual battery, had no remedy on appeal when he requested that the erroneous lesser non-included charge be submitted to the jury).

However, this Court reached a contrary result in a case decided upon facts similar to those in the present case. In *State v. Wilson*, 128 N.C. App. 688, 497 S.E.2d 416, *disc. review improvidently allowed*, 349 N.C. 289, 507 S.E.2d 38 (1998), the defendant was convicted of felonious restraint, which he requested to be submitted to the jury as a lesser included offense under his indictment for kidnapping. *Id.* at 689-90, 497 S.E.2d at 418. Felonious restraint contained an essential element, proof that the victim was transported in a motor vehicle or other conveyance, which was not alleged in the kidnapping indictment. *Id.* at 690, 497 S.E.2d at 418. On appeal, defendant contended, as does defendant in the present case, that his conviction was subject to an arrest of judgment because the indictment was not sufficient to confer jurisdiction for the offense of felonious restraint. *Id.* at 691, 497 S.E.2d at 419. This Court held that defendant was entitled to relief, notwithstanding the invited error doctrine. *Id.* at 690, 497 S.E.2d· at 418-19. We are unable to meaningfully distinguish the present case from *Wilson* and are bound to follow it. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989).

Judgment Arrested.

Judges STROUD and ARROWOOD concur.