STATE OF NORTH CAROLINA v. EVERETT GREGORY McCAIN

No. COA10-534

(Filed 17 May 2011)

## 1. Drugs— possession with intent to manufacture—possession—trafficking

A jury necessarily found defendant guilty of possession of cocaine when it found him guilty of possession with the intent to manufacture. The case was remanded for judgment and sentencing for possession since the trial court erred by instructing the jury on possession with intent to manufacture cocaine as a lesser-included offense of trafficking.

## 2. Search and Seizure— probable cause for warrant—drugs in defendant's home

There was a substantial basis in a search warrant application to believe that drugs would be found in defendant's home and the trial court correctly denied defendant's motion to suppress for lack of probable cause.

Appeal by defendant from judgment entered on or about 4 December 2009 by Judge Bradley B. Letts in Superior Court, Person County. Heard in the Court of Appeals 2 November 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General William P. Hart, Jr., for the State.*

*Anne Bleyman, for defendant-appellant*

STROUD, Judge.

Everett Gregory McCain ("defendant") appeals from a conviction for possession with intent to manufacture cocaine, and possession of oxycodone. Defendant also contends that the trial court erred in denying his motion to suppress. For the following reasons, we vacate defendant's conviction and sentence as to possession with intent to manufacture cocaine; and affirm the denial of defendant's motion to suppress.

## I. Background

On 8 December 2008, defendant, in two separate indictments, was indicted on two counts (08CRS002724 and 08CRS002725) of traf-

ficking in cocaine in violation of N.C. Gen. Stat. § 90-95(h)(3). By superseding indictment for 08CRS002725, defendant was indicted on one count of trafficking in oxycodone in violation of N.C. Gen. Stat. § 90-95(h)(3) on 12 January 2009. On 17 July 2009, defendant filed a motion to suppress certain statements made to police and evidence obtained as a result of the execution of search warrants on 7 March and 17 July 2008. The trial court heard defendant's motion to suppress at the 17 July and 6 August 2009 Criminal Sessions of Superior Court, Person County. The trial court denied defendant's motion to suppress. Defendant was tried on these charges during the 30 November 2009 Criminal Session of Superior Court, Person County. On 4 December 2009, the jury found defendant guilty of possession with intent to manufacture cocaine and possession of oxycodone. The trial court consolidated defendant's convictions and sentenced him to a term of six months to eight months imprisonment. The trial court suspended this sentence and placed defendant on supervised probation for 36 months. Defendant gave notice of appeal from his convictions in open court.

## II. Jury instructions

[1] Defendant contends and the State concedes that the trial court erred in submitting to the jury the charge of possession with intent to manufacture cocaine, pursuant to N.C. Gen. Stat. § 90-95(a)(1), as this charge was not a lesser included offense of trafficking by possession of cocaine, pursuant to N.C. Gen. Stat. § 90-95(h)(3). Defendant contends that because of this error his conviction and consolidated sentence for possession with intent to manufacture cocaine should be vacated. However, the State, citing *State v. Wilson*, 128 N.C. App. 688, 497 S.E.2d 416, *disc. review improvidently allowed*, 349 N.C. 289, 507 S.E.2d 38 (1998), contends that even if the charge of possession with intent to manufacture cocaine is vacated, the case should be remanded with instruction to enter judgment as to the lesser included offense of possession of cocaine.[1]

---

1. The State also contends that defendant is not entitled to relief on this issue because defendant invited this error. However, the State concedes that *State v. Kelso*, 187 N.C. App. 718, 723-24, 654 S.E.2d 28, 32-33 (2007) (following the *Wilson* court in holding that the defendant was entitled to relief even though the defendant "encouraged the trial court to submit the offense of sexual battery to the jury" which is not a lesser included offense of first degree rape, despite the invited error doctrine), *disc. review denied*, 362 N.C. 367, 663 S.E.2d 432 (2008) and *State v. Wilson*, 128 N.C. App. at 690-91, 497 S.E.2d at 418-19 (even though the defendant requested the instruction of felonious restraint, which was found not to be a lesser included offense of the indicted offense of kidnapping, the Court held that defendant was entitled to relief, notwithstanding the invited error doctrine), are controlling on this issue and only seek "to pre-

In *Wilson*, the defendant was indicted and tried for first degree kidnapping and assault. 128 N.C. App. at 690, 497 S.E.2d at 418. The defendant was acquitted of the assault charge but convicted of felonious restraint, which was submitted to the jury as a lesser included offense under the kidnapping indictment. *Id.* On appeal, the defendant argued that "the indictment charging him with first degree kidnaping was insufficient to support defendant's conviction of felonious restraint." *Id.* at 692, 497 S.E.2d at 419. This Court noted the general rule that "when a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense [only] when the greater offense which is charged in the bill of indictment contains all of the essential elements of the lesser." *Id.* at 692, 497 S.E.2d at 419-20 (quotation marks omitted). This Court further noted that

> the offense of felonious restraint contains an element not contained in the crime of kidnaping-transportation by motor vehicle or other conveyance. In fact, it is this element which distinguishes felonious restraint from another lesser included offense of kidnaping, false imprisonment. False imprisonment, like felonious restraint, contains all of the elements of kidnaping, except for the requirement that there be an intent to confine, restrain, or remove another person. Unlike felonious restraint, however, the offense of false imprisonment does not include the element of transportation by motor vehicle or other conveyance.

*Id.* at 693-94, 497 S.E.2d at 420-21. This Court concluded that "transportation by motor vehicle or other conveyance is an essential element of the crime of felonious restraint that must be alleged by the State in a bill of indictment in order to properly indict a defendant for that crime." *Id.* at 694, 497 S.E.2d at 421. In applying this principle, this Court further concluded that "the defendant in this case could not have lawfully been convicted of the crime of felonious restraint upon his trial on the kidnaping indictment since the indictment . . . did not allege that the defendant transported the victim by motor vehicle or other conveyance." *Id.* The Court went on to hold that "since the jury's verdict of felonious restraint means that they found

---

serve this issue for further appellate review." Here, during the charge conference, defense counsel stated several times that possession with intent to manufacture cocaine was a lesser included offense of trafficking in cocaine and did not object to the trial court's decision to include a jury instruction on possession with intent to manufacture cocaine as a lesser offense. Even if this could be construed as invited error by defendant, we hold that *Kelso* and *Wilson* are controlling and defendant is entitled to relief.

each of the elements of false imprisonment, we remand this case to the trial court for imposition of judgment and appropriate sentencing for the offense of false imprisonment." Id. at 696, 497 S.E.2d at 422.

Here, defendant's indictment for trafficking in cocaine states the following:

> The jurors for the State upon their oath present that on or about the 7th day of March, 2008, in the county named above the defendant named above unlawfully, willfully and feloniously did possess 28 grams or more but less than 200 grams of cocaine in violation of G.S. 90-95(h)(3).

The trial court gave jury instructions as to trafficking in cocaine, possession with the intent to manufacture cocaine, and possession of cocaine. As stated above, the jury found defendant guilty of possession with intent to manufacture cocaine. N.C. Gen. Stat. § 90-95(h)(3) (2007) sets out the elements for trafficking in cocaine: "Any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . shall be guilty of a felony . . . known as 'trafficking in cocaine[.]' " N.C. Gen. Stat. § 90-95(a) (2007) makes it "unlawful for any person: (1) [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]" Therefore, to convict someone of possession with the intent to manufacture cocaine the State must prove that (1) the defendant possessed cocaine and (2) defendant's intention was to manufacture the drug. See id. Possession with the intent to manufacture cocaine contains one element that is not contained in trafficking in cocaine—the intent to manufacture. Therefore, possession with the intent to manufacture cocaine is not a lesser included offense of trafficking in cocaine, as the "greater offense" does not "contain[] all of the essential elements of the lesser." See Wilson, 128 N.C. App. at 692, 497 S.E.2d at 419-20. Additionally, we cannot say that defendant was properly indicted on the charge of possession with the intent to manufacture cocaine, as the indictment does not mention anything showing defendant's intention to manufacture cocaine, an essential element of the crime. See id. at 694, 497 S.E.2d at 421. Therefore, as the crime of possession with the intent to manufacture cocaine is not a lesser included offense of trafficking in cocaine, the charged offense, and defendant was not properly indicted on the charge of possession with the intent to manufacture cocaine, we hold that the trial court erred in giving the instruction as to possession with the intent to manufacture cocaine. Accordingly, we vacate defendant's conviction and sentence as to possession with the intent to manufacture cocaine.

However, as noted above, the trial court also instructed the jury regarding possession of cocaine. Possession of cocaine is one of the essential elements of trafficking in cocaine, *see* N.C. Gen. Stat. § 90-95(h)(3). Therefore, it is a lesser included offense of trafficking in cocaine. As the jury found defendant guilty of possession with the intent to manufacture cocaine, it necessarily found defendant guilty of possession of cocaine. Defendant was properly indicted on this crime as the indictment states that defendant "did possess 28 grams or more but less than 200 grams of cocaine[.]" Accordingly, we remand this case to the trial court for entry of judgment and appropriate sentencing for the offense of possession of cocaine. *See id.* at 696, 497 S.E.2d at 422.

### III. Motion to suppress

[2] Defendant next contends that the trial court erred in denying his motion to suppress as "the information in support of the application for the search warrant did not provide probable cause in violation of [defendant's] state and federal rights."

#### A. Preliminary matters

Defendant challenged the 17 July 2008 search warrant by filing a pretrial motion to suppress, which was denied in open court at the 17 July 2009 Criminal Session of Superior Court, Person County. Defendant renewed his motion to suppress during trial at the end of the presentation of the State's evidence and, again, at the end of the presentation of all evidence. The trial court denied defendant's renewals of his motion to suppress. N.C. Gen. Stat. § 15A-979(b) (2007), in pertinent part, states that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction[.]" As stated above, defendant appealed from his convictions at the end of his trial. Therefore, we may hear his appeal from the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979.

#### B. The 17 July 2008 Search Warrant[2]

We have stated that

"[t]he standard of review to determine whether a trial court properly denied a motion to suppress is whether the trial

---

2. At the 17 July and 6 August 2009 hearings on defendant's motion to suppress, the trial court also made a ruling on a 7 March 2008 search warrant of defendant's residence. However, defendant raises no argument on appeal regarding the 7 March 2008 search warrant.

court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." *State v. Tadeja,* 191 N.C. App. 439, 443, 664 S.E.2d 402, 406-07 (2008). "The trial court's conclusions of law are reviewed *de novo* and must be legally correct." *State v. Campbell,* 188 N.C. App. 701, 704, 656 S.E.2d 721, 724, (citations, brackets, and quotation marks omitted), *appeal dismissed,* 362 N.C. 364, 664 S.E.2d 311 (2008).

*State v. Williams,* ___ N.C. App. ___, ___, 703 S.E.2d 905, 907 (2011). Specifically, defendant contends that "the motion to suppress should have been granted" as "[t]he information in support of the application for the [17 July 2008] search warrant was insufficient to establish probable cause to believe that criminal activity was afoot" particularly since the trial court excluded the information in paragraph five of the warrant application.

In determining whether there was sufficient probable cause to justify the magistrate's issuance of a search warrant, this Court has noted that

[t]he general rule, pursuant to the Fourth Amendment of the United States Constitution and Article I, Section 20 of the North Carolina Constitution, is that issuance of a warrant based upon probable cause is required for a valid search warrant. *See State v. Jones,* 96 N.C. App. 389, 397, 386 S.E.2d 217, 222 (1989), *appeal dismissed and review denied,* 326 N.C. 366, 389 S.E.2d 809 (1990). An application for a search warrant must contain a statement supported by allegations of fact that there is probable cause to believe items subject to seizure may be found on the premises sought to be searched. *See* N.C. Gen. Stat. § 15A-244 (2007). Under the "totality of the circumstances" standard adopted by our Supreme Court for determining the existence of probable cause:

[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing] that probable cause existed."

*State v. Arrington,* 311 N.C. 633, 638, 319 S.E.2d 254, 257-58 (1984) (quoting *Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L. Ed. 2d 527, 548 (1983)).

When the application is based upon information provided by an informant, the affidavit should state circumstances supporting the informant's reliability and basis for the belief that a search will find the items sought. *State v. Crawford,* 104 N.C. App. 591, 596, 410 S.E.2d 499, 501 (1991). A showing is not required "that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required." *State v. Zuniga,* 312 N.C. 251, 262, 322 S.E.2d 140, 146 (1984). Further, a magistrate's determination of probable cause should be given great deference, and an "after-the-fact scrutiny should not take the form of a de novo review." *Arrington,* 311 N.C. at 638, 319 S.E.2d at 258.

*State v. Washburn,* ___ N.C. App. ___, ___, 685 S.E.2d 555, 560-61 (2009). In the application for the 17 July 2008 search warrant, Investigator M.C. Massey, of the Person County Sheriff's Office, made the following averments as to probable cause:

1.   THIS APPLICANT, INVESTIGATOR M.C. MASSEY HAS RECEIVED INFORMATION FOR THE PAST THIRTY (30) DAYS FROM CONFIDENTIAL RELIABLE INFORMANTS/SOURCES, HEREAFTER REFERENCED TO AS "CRI'S", THAT THE ABOVE SUSPECT WAS SELLING AND CONTINUES TO SELL NARCOTICS FROM THE RESIDENCE OF 970 ALLIE CLAY RD. IN WHICH THE SUSPECT LISTED ABOVE OCCUPIED AT THE TIME OF THOSE SALES. THE "CRI'S" USED IN THIS INVESTIGATION HAVE PROVIDED THE PERSON COUNTY SHERIFF'S OFFICE WITH INFORMATION THAT HAS LED TO ARRESTS AND CONVICTIONS IN THE PAST. THIS INFORMATION WAS PROVIDED AGAINST THE "CRI'S" OWN PENAL INTERESTS.

2.   DURING THE MONTHS OF JUNE AND JULY 2008, THE PERSON COUNTY SHERIFF'S OFFICE STARTED GATHERING INFORMATION ABOUT DRUGS BEING SOLD AT 970 ALLIE CLAY RD. BOTH ANONYMOUS CALLERS AND CONFIDENTIAL AND RELIABLE INFORMANTS HAVE GIVEN THIS INFORMATION.

3.   THE SUBJECT RESIDING AT 970 ALLIE CLAY RD. (McCAIN, Everett Gregory) HAS BEEN SYNONYMOUS WITH THE CONSTANT SALE AND DELIVERY OF ILLEGALLY CONTROLLED SUBSTANCES, IN THE PAST. THE SUBJECT HAS BEEN CHARGED, AND ARRESTED [FOR] PAST CRIMES OF POS-

SESSING WITH INTENT TO SELL AND DELIVER ILLEGALLY CONTROLLED SUBSTANCES.

4. DURING THE MONTH OF JULY 2008 I (INV. MASSEY) MET WITH A CONCERNED CITIZEN ABOUT HIS SISTER BEING ADDICTED TO "CRACK" COCAINE AND THE CONCERNED CITIZEN RELAYED TO MYSELF THAT HE HAD KNOWLEDGE OF McCAIN, Everett Gregory BEING THE SUPPLIER OF ILLEGAL CONTROLLED SUBSTANCES TO HIS SISTER.

5. ON JULY 17TH 2008, I (INV. M.C MASSEY[)] WENT INSIDE THE RESIDENCE OF 970 ALLIE CLAY RD, TO CHECK ON THE WELFARE OF AGENTS FROM THE NC DEPT OF REVENUE. UPON ENTRY INTO THE RESIDENTCE I (INV. M.C. MASSEY) SAW IN PLAIN VIEW A SHOTGUN AND A GLASS ASHTRAY CONTAINING APPROXIMATELY 5-10 PARTIALLY SMOKED MARIJUANA CIGARETTES. THAT BEING A VIOLATION OF NORTH CAROLINA CONTROLLED SUBSTANCE LAWS. AT THAT TIME I DETAINED THE SUBJECT (McCAIN, Everett Gregory) AND ASKED THE NC TAX AGENTS TO DEPART FROM THE RESIDENCE. THE RESIDENCE WAS THEN SECURED BY OTHER OFFICERS AND THIS SEARCH WARRANT WAS TO BE OBTAINED.

6. FURTHER, THIS APPLICANT STATES THAT THE CONFIDENTIAL AND RELIABLE INFORMANTS USED, HAVE BEEN CERTIFIED THROUGH CONVICTIONS, AS RESULT OF INFORMATION PROVIDED, THROUGH THE PERSON COUNTY JUDICIAL SYSTEM. THIS APPLICANT STATES THAT THE CRI'S ARE FAMILIAR WITH THE APPEARANCE, PACKAGING AND AFFECTS [sic] OF THE CONTROLLED SUBSTANCE COCAINE AND HAS PROVIDED STATEMENTS TO THIS APPLICANT AGAINST THEIR OWN PENAL INTEREST.

7. CRIMINAL HISTORY CHECKS WERE CONDUCTED ON THE SUBJECT LISTED ON THIS APPLICATION BY UTILIZING SHERIFF'S OFFICE AND LAW ENFORCEMENT MEANS, REVEALING THAT PRIOR HISTORY OF THE ILLEGAL POSSESSION OF NARCOTICS EXIST FOR THE SUBJECT LISTED IN THIS AFFIDAVIT.

8. IT IS MY OPINION, BASED ON MY EXPERIENCES, TRAINING AND OBSERVATIONS THAT ILLEGAL NARCOTICS ARE BEING KEPT AND INGESTED AT THE ABOVE LOCATION. THEREFORE THIS APPLICANT RESPECTFULLY REQUESTS THAT THE COURT ISSUE A WARRANT TO SEARCH THE PER-

SONS(S), RESIDENCE, PROPERTY, ANY STORAGE OUT BUILD-
INGS AND THE VEHICLE(S) LISTED ON THIS APPLICATION.

In the transcript of the 17 July 2009 hearing on defendant's motion to suppress, the trial court made the following ruling as to the 17 July 2008 search warrant:

It appears to the Court that the search warrant issued . . . July 17, 2008, one year ago today, is valid on its face. The information provided by the applicant in his affidavit sufficiently supports a finding of probable cause by the magistrate, and the Court makes this ruling even without consideration of paragraph number five.[3]

After a thorough review of the 17 July 2008 warrant, we hold that, even excluding paragraph five of Investigator Massey's affidavit, there was sufficient evidence in support of the search warrant of defendant's residence to provide probable cause to believe that contraband would be found in that location.[4]

Investigator Massey, in his affidavit, states that he had received information within the past 30 days from confidential reliable informants ("CRIs") that defendant was selling narcotics from his residence; during June and July of 2008, the sheriff's department had received information from anonymous callers and CRIs that drugs were being sold at defendant's residence; in July 2008, Investigator Massey met with a "concerned citizen" that stated defendant was supplying drugs to his sister who was addicted to "crack" cocaine; defendant's residence had been "synonymous with the constant sale and delivery of illegally controlled substances" as defendant had been the subject of past charges and arrests for possession with intent to sell and deliver illegal controlled substances; and a criminal background check of defendant also revealed that he had a "prior history" of possession of narcotics. Given the specific information from multiple

---

3. We note that there is no written order in the record on appeal denying defendant's motion to suppress. N.C. Gen. Stat. § 15A-977(f) (2009) states that in ruling upon a defendant's motion to suppress, "[t]he judge must set forth in the record his findings of facts and conclusions of law." However, defendant makes no argument regarding the lack of a written order. *See* N.C.R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned.").

4. According to the "memorandum of rulings" in the record on appeal, the trial court ultimately ruled that "Paragraph No. 5 may not be used as [a] basis for determination of probable cause for issuance of search warrant." As the trial court determined that Investigator Massey's affidavit even excluding paragraph No. 5 offered sufficient probable cause to support the 17 July 2008 search warrant and we affirmed that conclusion, we need not address defendant's arguments as to paragraph No. 5.

sources, including informants, citizens, and anonymous callers, that there was ongoing drug activity at defendant's residence combined with defendant's past criminal involvement with illegal drugs, we conclude that sufficient probable cause was presented the Investigator Massey's affidavit. Next, we turn to the issue of "the informant's reliability and basis for [their] belief[s]." *See Washburn,* ___ N.C. App. at ___, 685 S.E.2d at 560-61.

First, Investigator Massey's affidavit states that the CRIs used had been "certified" because information provided by them had resulted in arrests and convictions in the past. *See State v. Arrington,* 311 N.C. 633, 642, 319 S.E.2d 254, 260 (1984) ("The fact that statements from the informants in the past had led to arrests is sufficient to show the reliability of the informants."). Also, the CRIs were familiar with "the appearance, packaging, and affects [sic]" of cocaine and had provided statements to him "against their own penal interest." *See State v. Beam,* 325 N.C. 217, 221, 381 S.E.2d 327, 330 (1989) ("Statements against penal interest carry their own indicia of credibility sufficient to support a finding of probable cause to search." (citation omitted)). Also, Investigator Massey had met personally with the concerned citizen. Further, the CRIs, callers, and the concerned citizen had all given consistent information that during the months of June and July 2008, illegal drugs were being sold at defendant's residence. Applying the totality of the circumstances test prescribed in *Washburn* and giving proper deference to the decision of the magistrate to issue the search warrant, we hold that there was a substantial basis in the application for the search warrant, even without consideration of paragraph five, for the magistrate to conclude there was probable cause to believe drugs would be found in defendant's home. The 17 July 2008 search warrant of defendant's home is therefore valid and defendant's argument is overruled. Accordingly, we affirm the trial court's denial of defendant's motion to suppress.

## IV. Conclusion

For the reasons stated above, we vacate defendant's conviction and sentence for possession with intent to manufacture cocaine; remand for imposition of judgment and appropriate sentencing for the offense of possession of cocaine; and affirm the denial of his motion to suppress.

VACATED, REMANDED, AND AFFIRMED.

Judges BRYANT and BEASLEY concur.